## OLIVER P. CANTERBERRY

*v.*

## CHARLES MILLER.

76  355
92a  [1]532

1. CONTRACT—*construction.* Where two instruments in writing are made at the same time, relating to the same subject matter, they may be regarded as a single instrument and construed together.

2. Where the language of a written contract is unequivocal, although the parties may have failed to express their real intentions, there is no room for construction, and the instrument will be enforced according to its legal effect.

3. SAME—*must be between two or more parties.* In a suit by the plaintiff to recover the price of hogs sold, where the defendant refused to accept and pay for the same, the written contract showed that the plaintiff bought the hogs of himself, and that the defendant sold the same number of hogs to himself; in other words, it appeared that each party signed the writing the other should have executed: *Held,* that the plaintiff could not recover, and that the contract was properly excluded by the court.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. CULLOM, SCHOLES & MATHER, for the appellant.

Messrs. MATHENY & McGUIRE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, in the circuit court of Sangamon county, against appellee, to recover for a breach of a contract, in and by which it is

claimed by appellant he sold appellee 100 head of hogs for a certain price, and to be delivered at a certain time and place, which appellee failed and refused to accept and pay for according to the terms of the contract.

In support of the contract sued upon, appellant testified that, on the 30th day of April, 1873, he and appellee made a contract in writing in regard to the sale of the hogs, and that he signed and delivered to appellee the following writing :

"I have this day bought of *O. P. Canterberry* 100 head of hogs, to average 225 lbs. and over, to be delivered at Sherman between the 1st and 20th of July, at *my* option. The hogs to be weighed on *his* scales, and delivered at *his* expense. All the above hogs to be well fatted, no sows to show pigs, no stags or boars. For which *I* agree to pay $4.50 per hundred lbs. on delivery.

This 30th day of April, 1873.

O. P. CANTERBERRY."

And that, at the same time, appellee signed and delivered to him a writing, as follows :

"*I* have this day *sold to Charles Miller* 100 head of hogs, to average 225 lbs. and over. The hogs to be weighed at *my* scales, and delivered at Sherman at *my* expense, between the 1st and 20th of July, at *his* option. All the above hogs to be well fatted, no sows to show pigs, no stags or boars. For which *he* agrees to pay $4.50 per hundred lbs. on delivery.

This 30th day of April, 1873.

CHARLES MILLER."

These writings were offered in evidence by appellant, but were excluded by the court, and no other evidence having been introduced by appellant in support of the contract declared upon in the declaration, the jury returned a verdict in favor of appellee, upon which the court rendered judgment.

The only question presented by the record is, whether these writings constitute a valid contract between the parties. The two instruments having been made at the same time, and

relating to the same subject matter, may be regarded as a single instrument, and construed together.

But when viewed in this manner, do they constitute a contract that can be enforced in a court of law?

A contract is defined to be an agreement of two or more persons upon a sufficient consideration to do or not to do a particular thing.   2 Kent, 450.

But these papers, offered in evidence as a contract, do not appear to be an agreement between two or more parties. The one signed by appellant, Canterberry, reads that he has bought of *himself* 100 head of hogs, for which he agrees to pay *himself* $4.50 per hundred.   The one executed by appellee, Miller, reads that he has sold to *himself* 100 head of hogs, for which *he* agrees to pay $4.50 per hundred.

The language used in these instruments is clear and pointed, no ambiguity exists, and it is as clearly expressed as words can do it, that appellant buys of himself, and that appellee sells to himself a certain number of hogs, and we are aware of no rule of construction by which we can hold this to be a contract wherein appellant sells and appellee buys a certain quantity of hogs.

It is no part of the duty of courts to make contracts for parties, and we are aware of no manner in which these instruments can be held to be a contract between appellant and appellee, unless the court should make a radical alteration in the terms of the two instruments.

In *Benjamin* v. *McConnell*, 4 Gilm. 436, it was held that, in the construction of a contract, where the language used was ambiguous, courts uniformly endeavor to ascertain the intention of the parties, and to give effect to that intention.   But where the language is unequivocal, although the parties may have failed to express their real intentions, there is no room for construction, and the legal effect of the agreement must be enforced.

It is, no doubt, true, that these parties failed to express in the instruments executed what they actually intended, but

that is their misfortune.   The wording is such that no action can be maintained upon them in their present form.   They are void for uncertainty, and the circuit court did not err in excluding them from the consideration of the jury.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*