CENTRAL TRUST COMPANY OF NEW YORK, Appellant, vs. BURTON, imp., Respondent.

| 74 | 329 |
|---|---|
| 111 | ³ 95 |
| 74 | 329 |
| 55 LRA 950n | |

*September 3 — September 24, 1889.*

*(1) Promissory notes: Negotiation: Usury. (2) Conflict of laws. (3) Pleading foreign statute. (4-6) Trust deed securing notes: Foreclosure: Defense of usury: Estoppel by recitals: Parties.*

1. Where accommodation notes are given to the payee to enable him to borrow money for his own use, the maker receiving no consideration, usury in the negotiation thereof by such payee is a defense to an action on the notes, although they provide only for a lawful rate of interest.

2. Notes executed and made payable in one state are, as a rule, governed by the laws of that state; and the fact that a trust deed given as security includes land in another state, or that the maker lived and intended to use the money in the latter state, does not change the rule.

3. A statute of another state may be pleaded by stating the substance thereof.

4. Usury invalidating notes is a defense to the foreclosure of a trust deed given to secure such notes.

5. No recital in the trust deed will estop the defendant from interposing such defense, where all parties had full knowledge of the facts.

6. Such defense of usury in the notes may be interposed in an action by the trustee to foreclose the trust deed, although the holders of the notes are not parties.

APPEAL from the Circuit Court for *Walworth* County. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Cotzhausen, Sylvester & Scheiber,* and oral argument by *F. W. Cotzhausen.* They contended, *inter alia,* that the trust deed is not a mere incident to the debt, but has in many respects an independent existence. In this case it was not given simultaneously with the execution of the notes, nor by the maker of the notes. The trustee is not the creditor or money lender; he is a *quasi* official, responsible to the mortgagor and the beneficiaries alike. By the voluntary act of the mortgagor this trustee has been assigned certain active duties in case of default, all of which are to be performed in Wisconsin, where the property is situated, where the mortgagor resides, and where the moneys were intended to be used; and he is bound to perform these duties independently of any subsequent dealings between the indorser and the beneficiaries. 1 Jones on Mortgages, 62; 2 id. 1769–1775; *Goodrich v. Milwaukee,* 24 Wis. 422; *Marvin v. Titsworth,* 10 id. 320. In determining by what law the contract is governed the true inquiry is as to the intention of the parties. And the fact that the contract would not be held invalid by the laws of the state where the lands are situated, where the mortgagor resides, and where the money is intended to be used, furnishes solid ground for an exception to the general rule. *Newman v. Kershaw,* 10 Wis. 333; *Richards v. Globe Bank,* 12 id. 697; *Vliet v. Camp,* 13 id. 208; *Fisher v. Otis,* 3 Pin. 78; *Chapman v. Robertson,* 6 Paige, 627; *Liverpool S. Co. v. Phœnix Ins. Co.* 129 U. S. 447; *Lloyd v. Guibert,* 6 Best & S. 100. The trust deed itself cannot become tainted by a subsequent usurious sale of the accompanying notes. Usury in discounting the paper may operate to reduce the recovery, but does not invalidate the mortgagor's contract with the trustee. Corporations are not within the usury laws of New York, Wis-

consin, or Illinois. *Curtis v. Leavitt*, 15 N. Y. 85, 154; Tyler on Usury, 412, 413, 417; *Hurd v. Marple*, 2 Bradw. 402. As to the maker, then, these notes cannot be avoided on the ground of usury No contract security, valid in its inception, can be tainted or invalidated by any subsequent usurious transaction. Tyler on Usury, 370, 401; *Meshke v. Van Doren*, 16 Wis. 319; *Lee v. Peckham*, 17 id. 383; *Union Nat. Bank v. Wheeler*, 60 N. Y. 612. A contract of indorsement may be usurious, but the note and security perfectly lawful and binding. *Cowles v. McVickar*, 3 Wis. 725; *Rock Co. Bank v. Wooliscroft*, 16 id. 22; *Armstrong v. Gibson*, 31 id. 65.

For the respondent there was a brief by *Quarles, Spence & Dyer*, and oral argument by *Chas. Quarles* and *T. W. Spence*. To the point that our statute, providing that foreign statutes may be pleaded by titles and date of passage, does not require them to be so pleaded, they cited 1 Abbott's Forms, 387, and cases; *Curtis v. Masten*, 11 Paige, 16; *Sells v. Haggard*, 21 Neb. 357; *Louisville, N. A. & C. R. Co. v. Shires*, 108 Ill. 617; *Hyman v. Bayne*, 83 id. 258–265; Bliss on Code Pl. secs. 183, 202, 304; 1 Greenl. Ev. sec. 486; *Newman v. Kershaw*, 10 Wis. 333.

COLE, C. J. This is an appeal from two orders: one overruling a demurrer to portions of the answer, and the other refusing to appoint a receiver of the mortgaged property. The action is brought to foreclose a trust deed executed by *John E. Burton* and wife to secure the payment of certain notes made by the Burton Manufacturing Company, payable to the order of *Burton*, and indorsed and negotiated by him to various parties. The defendant *Burton* answered, setting up the defense of usury to these notes. The appellant is the trustee named in the deed, and loaned some money on the notes, and loans were made by other parties on other notes, who presumably hold them.

The court below treated the answer as attempting to set forth two distinct defenses, but we think this is an erroneous view of it.  As we understand the answer it really sets forth but one defense; that is, usury in the negotiation of the various notes which accompany the trust deed.  There are matters in the answer which are not strictly pertinent to that defense, but when the whole answer is considered together it will be found that the only defense stated is usury.  All the facts well pleaded relate to that issue.  It is true that at the commencement of the sixteenth paragraph it is said:  "For a further answer in this behalf this defendant avers," etc., then stating the material facts which show usury in the negotiation of the notes.  The preceding allegations or statements in the answer are mostly redundant.  The learned circuit judge thought the answer attempted to set forth two distinct defenses, neither of which, standing alone, was good, and gave leave to amend the answer in the particulars he deemed it defective.  A point is made by appellant's counsel that this leave to amend the answer should not have been granted, because usury was an odious defense, and leave to set it up was not in furtherance of justice, and should only have been allowed on condition that *Burton* pay the principal of the moneys loaned before making that defense.  According to our construction of the answer it contains only one defense, and the amendment allowed was quite unnecessary.

That the answer states with sufficient certainty usurious agreements in negotiating the various notes mentioned, seems to us too plain for discussion.  The lenders exacted and reserved, and the borrower agreed to pay, for the use of the money loaned, a greater sum than legal interest.  According to the averments in the answer, fourteen, sixteen, and seventeen per cent. on the sums loaned was exacted.  If the agreement to pay such a rate for the use of money does not constitute usury, we know not what would.

The transactions unexplained, as stated, import gross usury on their face. It is true the copy of the note which is set out in the complaint is for the payment of blank dollars, with interest at the rate of six per cent. But the answer states that the notes mentioned in paragraphs 17, 18, 19, 20, and 21, which are secured by the trust deed, were made and delivered in New York upon the usurious agreements stated. We observe that, while the notes in question were executed by the Burton Manufacturing Company, they were merely accommodation notes, which were delivered to *Burton* to enable him to borrow money on them for his own use. *Burton* was president of the company, executed the notes on behalf of the company, as its president, made them payable to his own order, and the company never received any consideration for them. They were not binding obligations until *Burton* negotiated them. Upon the facts his indorsement in effect placed the notes in the same position as though he were the maker; for until he transferred them, as we have said, they had no legal existence as binding obligations.

It is alleged in the answer that the notes were made, executed, and delivered by the Burton Manufacturing Company in the city of New York. The inference is irresistible that they were negotiated there, and they were certainly made payable at that place. They were New York contracts, and the law of that state governs as to their validity. "The general rule that contracts are to be governed by the law of the place of performance is too well settled to require the citation of authorities." *Newman v. Kershaw*, 10 Wis. 333. Here the notes were negotiated in New York, the trust deed was delivered to the plaintiff there, and that was the place of performance of the contract. The fact that the trust deed included lands in this state and in Chicago, or that *Burton* was a resident of this state and intended to use the money here, does not change the rule.

As was said in *Lloyd v. Guibert*, 6 Best & S. 100, cited by the appellant's counsel: "It is agreed that the law of the place where the contract is made is *prima facie* that which the parties intended, or ought to be presumed to have adopted, as the footing upon which they dealt; and that such law ought, therefore, to prevail, in the absence of circumstances indicating a different intention." There is nothing in the circumstances attending the making of the different loans which warrants the assumption that the parties did not intend that the law of New York should apply to them. We think it does apply, and governs the validity of the contract.

It appears to us that the objection taken that the statute of New York in regard to usury is not well pleaded in the answer is untenable. The defendant might have merely referred to the statute by its title (sec. 2676, R. S.)[1] without stating, as he did, what the statute was. The objection requires no further remark.

It is further said that the recital in the trust deed estops the appellant from interposing the defense of usury. We are unable to understand how any recital can have that effect, in view of the allegation in the answer that the said notes, and each of them, are void, and that all parties to the same, and all persons and corporations concerned with the same, had full knowledge of all the facts set forth relative to the making, indorsing, and delivery of said notes, and the usurious agreements.

It is further insisted that the defense of usury in the contracts of indorsement of the various notes cannot be made

---

[1] Sec. 2676, R. S., is as follows: "In pleading a private statute, or a right derived therefrom, it shall be sufficient to refer to such statute by its title and the day of its passage, and the court shall thereupon take judicial notice thereof. In like manner the statutes, acts, and resolves of the congress of the United States, and of the legislature of any state or territory of the United States, published by authority of the respective governments thereof, may be pleaded."— REP.

to the trust deed. Upon this point we shall content ourselves with the quotation from the opinion of the circuit judge, which sufficiently answers the objection:

"The first position taken by the demurrant was, substantially, that the trust deed was an independent contract, separate and distinct from the notes, and could not be affected by the fact that the notes were usurious, or at least that the only effect of usury in the loan would be to reduce the amount due to beneficiaries, but not to impair the right of the trustee to a decree of foreclosure. Certainly the trust deed is in form a separate and distinct contract, but no more so than a mortgage given to secure payment of a note or bond. The inclination of our courts is to treat all conveyances of real estate, whatever their form, as mortgages, when it is shown that their purpose is to secure the payment of a debt. This is eminently logical, as well as just. The debt is *the thing*,— the basis and foundation of the whole transaction. When the debt is extinguished or for any reason ceases to exist, no logical reason can be assigned for endeavoring to keep up an appearance of life in the mortgage, which is simply an accessory of the debt. The sole object and purpose of the mortgage is to secure the payment of a debt. If there be no debt, if it is paid or extinguished in any way, the mortgage has no earthly reason for its existence; it is *functus officio*. These remarks appear to me to apply as well to a trust deed whose sole purpose is to secure a debt, as they do to a mortgage. The fact that the nominal conveyance is to a third person, other than the creditor, makes no difference in the substantial character of the transaction. It is still an accessory,— a mere security dependent on the existence of a debt for its life. My conclusion is that this trust deed has no legal, or, rather, effective, existence as a contract or obligation, save in so far as it represents an actual indebtedness. Starting from this basis, it is evident that whenever a state of facts

is proven which defeats the alleged debt, this same state of facts defeats the lien of the trust deed; and, if a defense to a part of the alleged debt be proven, it must operate *pro tanto* upon the lien of the trust deed.

"But it is said that the creditors or beneficiaries under this trust deed are not before the court, and that the defense of usury cannot be entertained without their presence, on the general principle that no person's property rights can be impaired who has not had his day in court. This objection seems specious at first, but, on reflection, I think there is nothing in it. Our statute [sec. 2607, R. S.] provides that the trustee of an express trust may sue without joining his beneficiary. Furthermore, the trust deed in suit (subdivision 5) provides that the trustee may, and in a certain contingency *must*, sue to foreclose the trust deed. To this clause the holders of the notes have assented and agreed by accepting and holding the notes secured by the deed as fully and effectually as if they had subscribed their names to the deed itself. Now if, as must be conceded, the trustee has power to sue and foreclose this trust deed, and thus obtain an effective judgment of foreclosure and sale for the benefit of all his beneficiaries, it certainly would be passing strange that in such a proceeding the defendant can set up no defense to the debt, or any part of it, when, as we have seen, such defense operates equally as a defense to the supposed lien."

We may add that it is in the power of the circuit court, if it deems it necessary for the protection of the rights of parties, to order the holders of the notes to be brought in.

The motion for the appointment of a receiver of the property was denied, without prejudice. It can be renewed at a subsequent time, if necessary for the protection of the beneficiaries.

*By the Court.*— The orders appealed from are affirmed, and the cause remanded for further proceedings.