### THE CHICAGO TRUST AND SAVINGS BANK
#### *v.*
### THE CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*

*Opinion filed April 18, 1901—Rehearing denied June 12, 1901.*

1. BILLS AND NOTES—*instrument is not a promissory note if payment depends upon contingency.* No instrument is a promissory note, negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally.

2. SAME—*when instrument is not a promissory note.* An instrument providing that the maker promises to pay to the order of the payee a certain amount "on or before one year after the date of the completion of the piling and filling" of certain premises "according to the requirements of a certain agreement of even date therewith, the date of said completion of piling and filling to be determined by the board of commissioners of Lincoln park," is not a promissory note, and cannot be re-issued by the maker the same as can a promissory note, nor assigned by simple endorsement.

3. SAME—*non-negotiable instrument cannot be assigned by a mere endorsement.* A mere endorsement does not operate to transfer or assign a non-negotiable instrument, nor does title to such an instrument pass by delivery.

4. CONTRACTS—*two instruments constituting one transaction must be read together.* If two instruments are executed as part of the same transaction and agreement, whether at the same or different times, they must be read and construed as one instrument.

*Chicago Tr. & Sav. Bank* v. *Title & Trust Co.* 92 Ill. App. 366, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The facts in this case are thus stated by the Appellate Court:

"To the amended bill of complaint filed in this case by appellant, demurrers by the several appellees were sustained and said amended bill was dismissed for want of equity. Chronologically stated, the facts as alleged in said amended bill are substantially as follows:

"The 16th day of October, 1891, Henry N. Cooper, one of the defendants, executed and delivered to co-defendant, Minna Allmendinger, three certain agreements in writing, which are identical in form. One of them reads as follows, viz.:

" '$7500.                    CHICAGO, ILL., *October 16, 1891.*

" 'On or before one year after the date of the completion of the piling and filling of the premises described in a certain trust deed of even date herewith, which trust deed is executed by the undersigned payor to E. Huntington Pratt, trustee, said completion of piling and filling to be according to the requirements of a certain agreement of even date herewith made by Minna Allmendinger, the payee herein, with Samuel E. Bradt, E. C. Lott, George M. Graves and Henry N. Cooper, the date of said completion of piling and filling to be determined by the board of commissioners of Lincoln park and evidenced by their certificate in writing to be filed with E. Huntington Pratt, trustee, and notice in writing served on the payor herein, for value received I promise to pay to the order of Minna Allmendinger the sum of seventy-five hundred dollars ($7500) at the First National Bank in Chicago, with interest thereon at the rate of six per centum per annum, payable annually from and after the date of the completion of the piling and filling of the premises described in the trust deed given to secure this note, which date is to be determined as hereinbefore provided for. This note is secured by a trust deed to E. Huntington Pratt, trustee, of even date herewith, on real estate in the city of Chicago, Cook county, Illinois.                HENRY N. COOPER.'

"Endorsed as follows: 'Without recourse.—Minna Allmendinger.'

"The same day the said Minna Allmendinger executed and delivered to Cooper a certain contract, setting out when and how the 'piling and filling' referred to was to be performed.   That contract is not attached to the bill of complaint, but is referred to in the above agreement and in the trust deed mentioned below and in appellant's amended bill.

"The same day Cooper and others executed and delivered to Minna Allmendinger a trust deed upon lots described in the bill, to secure the money agreed to be paid by the agreements, a copy of one of which is given above. The recital as to indebtedness contained in said trust deed is as follows: 'The said Henry N. Cooper, the grantor herein, is justly indebted unto the legal holder of the principal promissory note, hereinafter described, in the principal sum of twenty-two thousand and five hundred ($22,500) dollars, being part of the purchase money for the premises hereby conveyed, secured to be paid by three certain principal promissory notes of the said Henry N. Cooper, bearing even date herewith, made to the order of Minna Allmendinger, with interest at the rate of .... per cent per annum, payable semi-annually, both principal and interest being payable at the First National Bank of Chicago, Illinois.   Said notes which will be due are for the principal sum of seventy-five hundred ($7500) dollars each, and will be payable, respectively, on or before one (1), two (2) and three (3) years after the date of the completion of the piling and filling of the above described property by the said Minna Allmendinger according to the requirements of an agreement of even date herewith, made by said Minna Allmendinger with Samuel E. Bradt, E. C. Lott, George M. Graves and Henry N. Cooper, the date of said completion of piling and filling to be determined by the commissioners of Lincoln park, and evidenced by their certificate in writing,

to be filed with the trustee herein, and notice in writing served on the grantor herein, with interest at six per centum per annum, payable annually.'

"January 20, 1892, Cooper conveyed the premises described in the trust deed by warranty deed to the Chicago Title and Trust Company in trust for certain purposes, subject to the trust deed above named. After January 20, 1892, and prior to July 25, 1893, Minna Allmendinger surrendered said agreements and trust deed to the said Cooper, with an endorsement on the back of the agreements, 'Without recourse.—Minna Allmendinger.' The Allmendinger contract given to Cooper providing for the 'piling and filling' is not set out. July 25, 1893, Cooper, being indebted to appellant in a sum of $15,000, delivered to it two of the contracts or agreements for $7500 each, together with the trust deed. The bill states that 'Cooper never paid said notes, but acquired them back from said Minna Allmendinger by purchasing the same, as above alleged.' January 25, 1894, the lands were subdivided into Lake Shore Drive addition to Chicago. February 14, 1894, E. Huntington Pratt released the trust deed given by Cooper. Minna Allmendinger also signed the release deed as the legal holder of the Cooper contracts. February 15, 1894, the Chicago Title and Trust Company executed and delivered to the Northern Trust Company, trustee, four trust deeds to secure four notes aggregating $102,500, and the unknown holders of these notes are also made defendants.

"The bill prays that the release deed to the Chicago Title and Trust Company by Pratt may be set aside, vacated and declared null and void; that the Cooper-Allmendinger trust deed be decreed to be a valid and first lien, and that the four trust deeds from the Chicago Title and Trust Company to the Northern Trust Company be declared subject and subordinate to lien of the appellant."

JOHNSON & MORRILL, (ROBERT W. MILLAR, of counsel,) for appellant.

JOHN G. HENDERSON, (FRANK G. GARDNER, and LACKNER, BUTZ & MILLER, of counsel,) for appellees.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Counsel for appellant contended, and argue with great force, that the agreements (which we shall for certainty refer to as 'note-contracts') held by appellant, having been purchased and not paid by Mr. Cooper, who signed them, he had a right to re-issue them, and that the re-issue thereof is valid. Whether that be so depends upon whether the instruments in question are promissory notes. Counsel concedes that they are not negotiable promissory notes, but contends that they are of the class of instruments known in our law as non-negotiable promissory notes.

"No contract or agreement is a promissory note, either negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally. If payment depends upon a contingency which may never happen, it is not a promissory note. (*Kelley* v. *Hemmingway*, 13 Ill. 605; *Smalley* v. *Edey*, 15 id. 324; *Baird* v. *Underwood*, 74 id. 176; *Husband* v. *Epling*, 81 id. 172).

"We do not understand counsel for appellant to contend that a valid 're-issue' can be made of contracts other than promissory notes.

"A contract for the payment of a certain sum when the payee 'is twenty-one years old' is not a promissory note. (*Kelley* v. *Hemmingway, ante*). 'The fact that the payee lived until he was twenty-one years old makes no difference. It was not a promissory note when made.' A promise to pay a definite sum of money 'on the death of a particular individual is a good promissory note, for the event on which the payment is made to depend will

certainly transpire.' (Ibid). A contract or agreement in writing to pay a definite sum of money six months after date, 'on condition said amount is not provided as agreed by J. U.,' is not a promissory note. (*Baird* v. *Underwood, ante*). An agreement in writing to pay a definite sum of money 'when the estate of the said T. M. is settled up' is not a promissory note. (*Husband* v. *Epling, supra*). Although it may not be known in advance when the time may be, yet 'it must be absolutely certain that it will be some time.' (*Canadian Bank* v. *McCrea*, 106 Ill. 281).

"The note-contracts now here in question, called by the appellant promissory notes and by the appellees contracts, state that 'on or before one year (two years in one of them) after the date of the completion of the piling and filling' of certain premises 'according to the requirements of a certain agreement of even date therewith, the date of said completion of piling and filling to be determined by the board of commissioners of Lincoln park and evidenced by their certificate in writing, * * * and notice in writing served on the payor,' for value received, the payor promises to pay to the order of Minna Allmendinger $7500. It cannot be said that it is absolutely certain that the piling and filling will ever be done, or that it will be done according to the requirements of the agreement referred to, or that the Lincoln park commissioners will ever make the certificate indicated, or that such a certificate will ever be filed with the trustee named.

"Said note-contracts being for the payment of money only upon the happening of the contingent and uncertain events mentioned, not being promissory notes, cannot be 're-issued' by the maker thereof, in the sense or in the mode that a promissory note not then due may be re-issued. They are payable to the order of Minna Allmendinger. It was therefore necessary that there should be a valid transfer thereof to vest the title to the same in any other person. It is not charged that she made any

transfer otherwise than by simple endorsement. That was not a transfer or assignment of said agreements. (*Husband* v. *Epling*, 81 Ill. 172). There is a marked difference between assignability and negotiability. That Minna Allmendinger might have assigned said note-contracts does not change the matter. The fact is, she did not do so. A mere endorsement does not operate to transfer or assign a non-negotiable instrument. The title to such an instrument thus endorsed does not pass by mere delivery. Said note-contracts do not come within that class of contracts which, although not negotiable at common law, are made so by the statute of this State.

"The same contingent and uncertain events mentioned in the note-contracts, upon the happening of which, and in which case only, the money should become payable, are recited in the trust deed given to secure the payment of any money that might become due upon said note-contracts and delivered to the appellant therewith. The condition precedent to the contingent liability to pay any money upon said note-contracts is the performance on the part of said Allmendinger of the provisions of the contract mentioned in said note-contracts. That contract is not set out in the bill of complaint filed by appellant, neither is a copy thereof attached to said bill. For aught that here appears, that contract was canceled by the parties thereto.

"No recovery can ever be had upon said note-contracts without averring and proving that the piling and filling referred to had been completed 'according to the requirements' of the agreement therein mentioned. But that agreement is not before us. It is a part of the note-contracts as effectually as though written therein. The note-contracts form but a part of the written agreement between the parties. In *Stacey* v. *Randall*, 17 Ill. 467, it is said that 'where two instruments are executed as part of the same transaction and agreement, whether at the same or different times, they will be taken and construed

together.' In *Gardt* v. *Brown*, 113 Ill. 475, the late Mr. Justice WALKER, speaking for the court, says: 'No rule of interpretation is more familiar than when two instruments are executed as the evidence of one transaction they shall be read and construed as one instrument.' And in *Wilson* v. *Roots*, 119 Ill. 379, the court says: 'The rule is familiar, and of frequent application in cases before this court, that where different instruments are executed as the evidence of one transaction or agreement they are to be read and construed as constituting but a single instrument.' That is the rule of construction very generally, if not universally, adopted by courts of justice.

"It does not appear that said piling and filling contract was ever assigned to appellant or that it ever had any interest therein. As before stated, it does not appear that that contract was ever completed or is now in existence, or that performance thereof can be enforced. If not, then no recovery can be had upon said note-contracts. It devolves upon the appellant to show affirmatively and as a part of the requisites necessary to the maintenance of its bill that it has some interest in the subject matter of this litigation, and has legal and equitable rights which it may in this proceeding protect and enforce. It has not done so, and the court below did not err in dismissing the bill of complaint for want of equity.

"As the appellant does not by its amended bill state a case that shows a right of recovery, it is not in a position to invoke the rule of subrogation presented by counsel. It is therefore quite unnecessary to discuss that rule or cases in which it may be applied.

"The decree of the circuit court dismissing the said amended bill for want of equity is affirmed."

We concur in the foregoing views, and in the conclusion reached. Accordingly, the judgment of the Appellate Court is affirmed.                *Judgment affirmed.*