## L. C. Perks et al., Appellants, v. H. B. Eshleman, Appellee.

1. APPEALS AND ERRORS—*how motion to dismiss must be made.* The rules of the 4th District require that motions to dismiss appeals must be in writing and a motion to dismiss an appeal not in writing which does not go to the merits of the case cannot be considered.

2. NEGOTIABLE INSTRUMENTS—*when subject to defenses.* An assignee of a negotiable instrument is not an innocent purchaser if attached to the note when purchased was a contract and the note recited that it was "given to comply with the contract attached and is a part of said contract."

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

CHARLES L. RICE, for appellants.

C. S. MILLER, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

The record discloses that the suit was brought against appellee and one J. H. Bradley, defendants; that a default was taken against Bradley and that the cause proceeded to judgment as to appellee without a final judgment being entered as to Bradley. It is argued the appeal should be dismissed for the reason it would not lie until the case was finally disposed of as to all parties.

This motion to dismiss the appeal is incorporated in the brief of appellee.

Rule 19 of this court requires all special motions to be in writing and filed with the clerk together with the reasons in support thereof on the day before they shall be submitted to the court. No motion to dismiss the appeal was filed as required by the rule and the motion not going to the merits of the case will not

be considered now.    C. & E. I. R. R. Co. v. Binkopski, 72 Ill. App. 22; Olson v. Sheffield, 90 Ill. App. 198.

The original declaration contained one special count declaring on a promissory note for the sum of $240. It was averred the note was executed by appellee to Bradley and by the latter assigned to appellants.    The declaration also contained the common counts.    The court sustained a demurrer to the declaration.    The demurrer was to the whole declaration including the common counts which were not demurrable.    Appellants took leave to amend the declaration and filed a special count in which it was averred in substance appellee had entered into a written agreement with Bradley for the purchase of raspberry plants which appellee agreed to properly plant and cultivate according to the best methods; that Bradley agreed the plants should be free from all diseases which they were subject to and that appellee further agreed with Bradley that when the plants matured and should bear fruit he would pick and ship it to market and out of the proceeds pay Bradley $240, the purchase price of the plants.    It was further alleged the plants were furnished according to the agreement but appellee failed as to proper cultivation, and so negligently and improperly set out and cultivated the plants that they failed to bear, and that he had failed to pay the purchase price to the damage of the plaintiffs.    This count was treated as sufficient by appellee.

A lot of special pleas appear in the record treating the original count on the note as being still a part of the declaration although a demurrer to it had been sustained.    These pleas set up a total failure of consideration for the note of which it is averred appellants had notice.    Replications were filed traversing the averments of the notice alleged in the pleas.    The parties having by their pleadings and introduction of evidence treated the original special count as a part of the pleadings and the amended special count as stating a cause of action we shall so treat them.

To maintain the issues appellants introduced the note in evidence signed by appellee dated November 27, 1908, which promised to pay Bradley $240 on July 1st, after date, with seven per cent after maturity until paid. The following recital was written in the face of the note: "This note given to comply with contract attached and is a part of said contract." Appellants also introduced the contract which was of the same date as the note signed by Bradley and appellee. The contract provided that Bradley was to furnish appellee with raspberry plants at the rate of twenty dollars per thousand to the amount of the note of $240; that appellee was to set out the plants carefully and properly at a time indicated by the first party and to have them properly cultivated at proper times according to the best methods. It was further provided that when the plants bore fruit appellee was to pick, pack and send the berries to market and after paying the expenses pay the residue of the proceeds upon the note until it was finally paid. Bradley by the contract agreed the plants should be free from all diseases such plants were subject to. Bradley, as a witness for appellants, testified the note was given for twelve thousand raspberry plants and the contract executed; that under the contract he furnished the plants and instructed appellee how to plant them; that he had had the plants inspected by the State Entomologist about September 15, 1908, and he found them free from disease and that he himself had examined them and they were not diseased. Appellee testified he set the plants in good land for the raspberries; that he cultivated them thoroughly and according to instructions; that they soon began to die and in three or four months, half were dead and in the year 1910 they were all dead.

The witness says the plants had a disease called rootgall which he discovered when the plants began to die. He further states he picked no berries from the plants. Other witnesses corroborate appellee that the

plants perished from rootgall. The evidence shows and there is none to the contrary that the plants were properly planted and cultivated by appellee as provided in the agreement and this being so, there could be under the terms of the contract with Bradley no liability to pay the note to him as it was to be paid from the proceeds of sales of raspberries to be grown from the plants. As to Bradley there was a total failure of consideration.

It is claimed appellants purchasing the note before maturity were not affected by the contract and were innocent assignees of a negotiable instrument. Appellant Perks testified that when he purchased the note the contract was attached and the recital in the note is that it "was given to comply with contract attached and was part of said contract."

The note was made part of the contract in express terms and both note and contract must be read together as one instrument. Canterberry v. Miller, 76 Ill. 355; Wilson v. Roots, 119 *id.* 379.

Appellants not only had notice of the terms of the agreement and took the note subject thereto, but they also took it subject to such terms for the reason the instrument was not negotiable, being payable upon a contingency. They were equitable assignees and took it subject to the same defenses appellee could have interposed to the instrument in the hands of Bradley. Daniel on Neg. Ins. (3rd Ed) par. 41; Husband v. Epling, 81 Ill. 172.

The undisputed evidence that appellee properly planted and cultivated the plants and that they died and no fruit was borne by them was a complete defense under the agreement and the rulings of the court on instructions not being in conflict with the views expressed in this opinion the judgment will be affirmed.

*Affirmed.*