PEERLESS MINERAL SPRINGS COMPANY, Respondent, vs. GERMAN AMERICAN INSURANCE COMPANY OF NEW YORK, imp., Appellant.

*November 20—December 10, 1912.*

**(1)** *Continuance: Absence of witness: Diligence.* (2) *Fire insurance: Ownership of property: Loss payable to trustee: Trust deed a mortgage.*

1. An application for a continuance because of inability to procure the testimony of a nonresident witness, made nearly two years after issue joined and after the cause was called for trial, was properly denied on the ground of lack of diligence, where no attempt to take the deposition of the witness had been made.

2. Where a fire insurance policy provided that the loss if any should be payable to a certain person, "trustee, as his interest may appear," the insurer was chargeable with knowledge of the character of the trust; and where such trustee was the grantee named in an ordinary trust deed executed by the insured to secure payment of its corporate bonds, that deed was in legal effect a mortgage for the purposes of the insurance, and did not make the trustee the owner of the property or render the policy void on the ground that the insured was not the owner.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge.  *Affirmed.*

For the appellant there was a brief by *Gill & Barry,* and oral argument by *A. R. Barry.*

For the respondent there was a brief by *Lorenz & Lorenz,* attorneys, and *Carl Muskat,* of counsel, and oral argument by *Mr. Muskat.*

TIMLIN, J.   This is an action to recover on a policy of insurance against loss by fire in the sum of $5,000, covering the sanatorium of the respondent and running from June 16, 1909, to June 16, 1910, containing also the following: "Subject to all the stipulations, provisions, and conditions of this policy, the loss if any on building is payable to D. S. Roberts, trustee, as his interest may appear."   D. S. Roberts was made a defendant in the action, and the complaint prayed that his interest be ascertained and determined.

Error is assigned because the circuit court refused a continuance on application of the defendant made on May 13, 1912, after the case was called for trial.   Issue had been joined since July 9, 1910, and the alleged ground for continuance was the inability to procure the testimony of one Mrs. Cobine, who resided in Chicago.   There was no attempt to take her deposition during the time the cause was pending.   Counsel contend that under the laws of Illinois such deposition could not be taken, citing *McIntyre v. People ex rel.* 227 Ill. 26, 81 N. E. 33, and *Martin v. People,* 77 Ill. App. 311.   These cases merely decide that a witness cannot be compelled to give her deposition before a notary public.   We do not understand that the courts of Illinois refuse to extend the comity of letters rogatory to the courts of other states.   There was no reversible error in denying the application for a continuance on the ground of lack of diligence.

The defendant D. S. Roberts answered to the complaint,

setting up a copy of the instrument under which he claims, calling it a mortgage or trust deed, securing twenty bonds of the plaintiff aggregating $10,000. Thereupon the defendant amended its answer to allege that the plaintiff's interest was not that of unincumbered and sole owner of the insured property, but that D. S. Roberts was the owner under this trust deed. It is contended that upon this showing the complaint should have been dismissed.

·When the defendant executed this policy making the loss if any payable to D. S. Roberts, trustee, as his interest might appear, it contracted with the insured for the benefit of Roberts as trustee to that extent. It cannot be heard to say, after making such an indorsement on its policy, that it did not know he was trustee, and it must at its peril ascertain the nature and character of his trust. It would be a strange sort of commercial morality which would justify one in contracting with another to pay what might become due on the contract to a third person as trustee as his interest might appear and then defeat the obligation of the contract upon proof that such third person was a trustee. But the so-called trust deed is in the form ordinarily used to secure railroad and other negotiable bonds. It is in substance and legal effect a mortgage for the purposes of insurance. *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 94, 36 N. W. 837; *Central T. Co. v. Burton,* 74 Wis. 329, 43 N. W. 141. *Marvin v. Titsworth,* 10 Wis. 320, is overruled by *Goodrich v. Milwaukee,* 24 Wis. 422, in its most vital and essential part, but even there (10 Wis. 329) it was said: "There can be little question that under the circumstances a court of equity, upon a proper application, would have given effect to that intention as an equitable mortgage, notwithstanding the irregularity of the instrument." *Dictum* from this overruled case cannot, however, now be put forward as authority. To now go back to the theory that a mortgage security could not be taken in the form of a trust deed would unsettle many titles and many se-

curities in this state. So far as the writer's observation goes, this is a common form of securing bonds of private and *quasi*-public corporations. This is how it was treated by the covenant in the policy to pay the trustee as his interest should appear, and this is what it is in law as to such insurer.

*By the Court.*—Judgment affirmed.