FERRING, Respondent, vs. VERWEY, imp., Appellant.

*January 9—February 4, 1930.*

632

L. E. *Vaudreuil* of Kenosha, for the appellant.

For the respondent there was a brief by *Stephenson, Fisher & Richardson* of Kenosha, and oral argument by *Chester D. Richardson.*

FOWLER, J. The appellant claims it was error for the trial court to reject evidence of the facts pleaded in his answer by way of recoupment. Whether it was depends on whether the notes are negotiable instruments, as if they are not the defendant may interpose any defense that he might interpose against the payee named in the notes were the payee seeking foreclosure. The appellant claims the notes are not negotiable because the amount due thereon is uncertain, and bases his contention of uncertainty on the fact that each note contains a provision that it is secured by a mortgage and is to bear interest at seven per cent., "more specifically provided for in the mortgage of which this is a part;" and on the further fact that the mortgage provides that the mortgagor shall keep the premises insured, and that on his failure to do so the mortgagee may insure them and the premium and cost of effecting the insurance with interest shall be a lien on the premises "added to the amount of said note until the payment" of the note.

A note to be negotiable must contain an unconditional promise "to pay a sum certain." Sec. 116.02, Stats. Sec. 116.06 of the Statutes provides that the sum payable on a negotiable instrument is a sum certain although it is "payable with exchange, whether at a fixed rate or at the current

rate," or "with costs of collection or an attorney's fee, in case payment shall not be made at maturity." The mention that these items shall not render the sum payable uncertain seems to carry the idea that other similar items, indefinite in amount, payable by the terms of a note do render the total sum payable uncertain, under the doctrine *"Inclusio unius est exclusio alterius."* The items of insurance and taxes covered by the mortgage are items that would render the sum due on the notes uncertain if incorporated in the terms of the notes and would thus render the notes non-negotiable, as notes by their terms providing for payment of any taxes levied thereon are not negotiable. *Coolidge & McClaine v. Saltmarsh,* 96 Wash. 541, 165 Pac. 508; *Smith v. Myers,* 207 Ill. 126, 69 N. E. 858; *Farquahar v. Fidelity Ins., T. & S. D. Co.* Fed. Cas. No. 4676.

The general rule applicable to the situation as drawn from the cases may be stated as follows: A mere reference in a note to another instrument or a mere statement of the transaction out of which the note arose does not destroy its negotiability; but if in a note there is a reference to another agreement and it appears from the context that the purpose of the reference was to burden the note with the conditions of the agreement; or if the reference subjects the note to the terms of the agreement, then the negotiability of the note is destroyed.

The question involved has been settled by this court in *Thorp v. Mindeman,* 123 Wis. 149, 101 N. W. 417, unless the provision of the notes "and is to bear interest at the rate of seven per centum per annum after date, more specifically provided for in the mortgage of which this is a part," distinguishes this case from that.

The note in the *Thorp Case* has the notation that it was secured by a real-estate mortgage, as here. The two mortgage provisions are also alike, both providing that in case the mortgagor should not keep the premises insured the

mortgagee might insure them and the cost of the insurance and interest thereon should "be a lien upon the said mortgaged premises added to the amount of the note." It is urged here as it was there that the phrase "added to the amount of the note" shows that premiums paid by the mortgagee were incorporated in the principal sum of the note. Mr. Justice WINSLOW said of that contention: "There was, indeed, a claim made that the agreement that the premiums paid should constitute a lien added to the note meant that the note was to be increased by the amount paid, so that the amount of the note was thereby rendered uncertain; but we think it plain that the clause simply provides for the acquiring of a lien upon the premises in addition to the lien of the note."

The only distinction in the terms of the notes involved is that in the note in this case there is added to the provision of the note in the other case, next after the agreement for interest, the words *"more specifically provided for in the mortgage of which this is a part."*

If the language above quoted expressly made the mortgage a part of the note, instead of making the note a part of the mortgage, the point on authority of the decided cases would be ruled in defendant's favor. For it has been squarely held that a general expression incorporating the terms of the mortgage into the note renders the note non-negotiable where the mortgage contains tax and insurance provisions like those in the mortgage here involved. *King Cattle Co. v. Joseph,* 158 Minn. 481, 198 N. W. 798, 199 N. W. 437; *Hubbard v. Wallace,* 201 Iowa, 1143, 208 N. W. 730; *Peterson v. Metropolitan Life Ins. Co.* 19 Fed. (2d) 74; *Donaldson v. Grant,* 15 Utah, 231, 49 Pac. 779.

The question under the cases therefore seems to simmer down to the precise point whether the expression "of which the note is a part" should be given the same effect as the expression "which is a part of the note." It may perhaps

seem at first blush that distinction can hardly be made. But in the case of *Utah L. I. Co. v. Allen*, 64 Utah, 511, 231 Pac. 818, the expression "this note is part of agreement dated January 19, 1921," was held not to destroy its negotiability, and the language of the notes in suit no more imports the terms of the mortgage in the note than do the words above quoted import the terms of the agreement. The cases involving the point are discussed in particular and at length in the opinion in the case last cited. They hold that the negotiability of a note depends upon the terms of the note itself, and that if a note contains a direct promise of payment any expression therein which does not modify that promise does not change its terms and does not affect its negotiability. The expressions used in the notes in suit do not purport to change the unqualified promise to pay, and we hold that they do not render the notes non-negotiable. Notes in 14 A. L. R. 1126, 33 A. L. R. 1173, and 37 A. L. R. 655, appended to cases above cited therein reported, contain statements of the cases bearing upon the point involved.

*By the Court.*—The judgment of the circuit court is affirmed.