Aaron and another, Trustees, Respondents, vs. Mango and another, imp., Appellants.

*March 9—April 5, 1932.*

584

For the appellants there were briefs by *Sanborn, Blake & Aberg* and *Glen H. Bell,* all of Madison, and oral argument by *Mr. Bell* and *Mr. John B. Sanborn.*

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

·NELSON, J. ˙ The defendants contend that the bonds herein were not negotiable and were therefore subject to the defense of partial failure of consideration, because the bonds contained the following clause:

"For a description of the mortgaged property and the nature and extent of the security, reference is made to said indenture, to all the provisions of which this bond and each coupon hereto attached are subject, with the same effect as if the same were herein fully set forth. . . .

"Said indenture and this bond and the coupons hereto attached, as well as all of the other bonds and coupons hereto attached aforesaid, are to be taken and considered together as parts of one and the same contract."

The plaintiffs, on the other hand, contend that the clauses recited did not render the bonds non-negotiable, but that even if such clauses destroyed the negotiability of the bonds, the defense of partial failure of consideration was not avail-

able to the defendants because the trust deed acknowledged an indebtedness of $50,000, and specifically provided as follows:

"No purchaser before maturity of any of said bonds shall, as to the lien which this indenture purports to effect, be affected, unless he have actual knowledge thereof, by any equities that might at any time exist between the mortgagors and the trustees or between the mortgagors or the trustees and any previous holder or owner of such bond or bonds."

The contract herein arose in the state of Illinois and doubtless should be construed as an Illinois contract. *Central Trust Co. v. Burton,* 74 Wis. 329, 43 N. W. 141; *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *E. L. Welch Co. v. Gillett,* 146 Wis. 61, 130 N. W. 879; 8 Corp. Jur. p. 97.

Whether the clause, "Reference is made to said indenture, to all the provisions of which this bond and each coupon hereto attached are subject, with the same effect as if the same were herein fully set forth," rendered the bonds nonnegotiable under the laws of the state of Illinois and the decisions of its courts, is not of easy determination. While the Uniform Negotiable Instruments Law exists in Illinois, no decisions of its courts have been cited, and we have been unable to find any, which have passed directly upon the effect of incorporating into a bond or note, otherwise negotiable, a mortgage or trust deed which contains promises by a mortgagor to pay taxes or insurance premiums, to make repairs or restorations. This precise question seems not to have been passed upon by the courts of Illinois. It has been held that a note which promised to pay a certain sum "at the Fourth National Bank. Value received, with interest at six per cent. per annum and taxes," was, by virtue of the promise to pay taxes, rendered uncertain as to the amount promised to be paid and therefore non-negotiable. *Smith v. Myers,* 207 Ill. 126, 69 N. E. 858. If payment of a note

depends upon a contingency such note is not negotiable. *Chicago Trust & Sav. Bank v. Chicago Title & Trust Co.* 190 Ill. 404, 60 N. E. 586. A recital in a note, in order to destroy its negotiability, must in some respect qualify the promise or make it uncertain or conditional. *Zollman v. Jackson Trust & Sav. Bank,* 238 Ill. 290, 87 N. E. 297. A promissory note containing the statement, "This note is given in accordance with a land contract of even date between B and C" is negotiable, because such statement is merely a reference to the transaction which gives rise to the instrument. *Doyle v. Considine,* 195 Ill. App. 311. An assignee of a negotiable instrument is not an innocent purchaser if attached to the note when purchased was a contract and the note recited that it was "given to comply with the contract attached and is a part of said contract." *Perks v. Eshleman,* 165 Ill. App. 420. These cases, however, do not decide the precise question of negotiability or non-negotiability involved herein.

The courts of other jurisdictions quite generally hold that incorporating into a note or bond a separate contract or agreement such as a mortgage or trust deed in which are contained promises to pay taxes, insurance premiums, etc., renders the note or bond into which the separate contract has been fully incorporated, non-negotiable. See *King Cattle Co. v. Joseph,* 158 Minn. 481, 198 N. W. 798, 199 N. W. 437, and cases cited therein. To the same effect is the recent case of *Ferring v. Verwey,* 200 Wis. 631, 229 N. W. 46. It was there said by this court, speaking through Mr. Justice FOWLER, evidently following the rule of *King Cattle Co. v. Joseph, supra,* and cases cited therein:

"If the language above quoted expressly made the mortgage a part of the note, instead of making the note a part of the mortgage, the point on authority of the decided cases would be ruled in defendant's favor. For it has been squarely held that a general expression incorporating the terms of the

mortgage into the note renders the note non-negotiable where the mortgage contains tax and insurance provisions like those in the mortgage here involved. *King Cattle Co. v. Joseph,* 158 Minn. 481, 198 N. W. 798, 199 N. W. 437; *Hubbard v. Wallace,* 201 Iowa, 1143, 208 N. W. 730; *Peterson v. Metropolitan Life Ins. Co.* 19 Fed. (2d) 74; *Donaldson v. Grant,* 15 Utah, 231, 49 Pac. 779.

"The question under the cases therefore seems to simmer down to the precise point whether the expression 'of which the note is a part' should be given the same effect as the expression 'which is a part of the note.'" See, also, *Verner v. White,* 214 Ala. 550, 108 South. 369.

But in the view we take of this case we deem it unnecessary to determine whether the bonds herein were negotiable or non-negotiable. If they were negotiable, no defense of partial failure of consideration as against innocent purchasers and holders thereof could be successfully interposed. No citation of authority is needed to sustain this conclusion. Numerous Illinois cases so hold. If the bonds were non-negotiable because the provisions of the trust deed were incorporated into the bonds "with the same effect as if the same were herein fully set forth," then obviously the whole of the trust deed was incorporated into and made a part of the bonds. There is no middle ground between these conclusions. As before stated, the trust deed specifically acknowledged an indebtedness of $50,000 and further specifically provided that "no purchaser before maturity of any of said bonds shall, as to the lien which this indenture purports to effect, be affected, unless he have actual knowledge thereof, by any equities that might at any time exist between the mortgagors and the trustees or between the mortgagors or the trustees and any previous holder or owner of such bond or bonds."

Giving this clause a reasonable construction, we reach the conclusion that it prevents the defendants from interposing the defense of partial failure of consideration which arose because DeWolf & Company, clearly a previous holder or

owner of the bonds, failed to perform its contract with defendants, and that such defense is not available to the defendants as against the purchaser of bonds before maturity and without actual knowledge of any such equity.

We perceive no reason for holding that the provision above recited was not contractual or not fully binding upon the defendants. We do not see how its validity or legality as a contract can be questioned, nor do we perceive any ground of public policy of the state of Illinois or of any other state which prevents our giving it full force and effect.

Considerable argument is made by the defendants to the effect that the clause in question relates simply to the lien of the trust deed wholly dissociated from the indebtedness. We see no merit in such contention. The bond evidenced the indebtedness and the amount of such indebtedness was made a lien on the land by virtue of the trust deed. The trust deed clearly purported to effect a lien of $50,000. The argument, in our opinion, is without merit.

*By the Court.*—Judgment affirmed.