E. L. Welch Co. v. Gillett, 146 Wis. 61.

*By the Court.*—Judgment affirmed.

E. L. WELCH COMPANY, Respondent, vs. GILLETT and another, imp., Appellants.

*March 15—April 5, 1911.*

*Bills and notes: What law governs: Signatures on back: Makers or indorsers?*

1. A note given for a loan negotiated in Minnesota, and dated, made payable, and delivered in that state, is a Minnesota contract, governed by the law of that state, although certain parties thereto signed it on the back in Wisconsin before its delivery.
2. Under the law of Minnesota, one who places his name on the back of a note before delivery for the purpose of giving credit thereto or inducing the payee to accept the same, is a maker and not an indorser, and is not entitled to demand and notice of nonpayment.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action upon promissory notes signed on the face thereof by one William Putnam, not a party to the action, and on the back thereof by the defendants. Plaintiff claims defendants signed as makers. They claim they signed as indorsers only, and as such were released by failure to give notice of nonpayment. The trial court found they were makers of the notes and entered judgment against them for $6,840 and costs, from which they appealed.

*A. J. Sutherland,* for the appellants.

*A. H. Shoemaker,* attorney, and *Harris Richardson,* of counsel, for the respondent.

VINJE, J.   It appears that in the fall of 1907 one William Putnam was desirous of obtaining a loan of $6,000.   He was then engaged in the buying and selling of wheat, and the plaintiff corporation was engaged in the wheat commission business at Minneapolis, Minnesota, and he applied to it for the loan.   The result of the negotiation was that plaintiff agreed to let him have the money if he would transfer his wheat account to it, give a mortgage on some Dakota property as security, and procure defendants' signatures to the notes. To this Putnam agreed.   The notes were signed by him on the 10th of September and were then sent by plaintiff to Eau Claire, Wisconsin, where they were signed on the back by the defendants and returned by mail to plaintiff.   The transaction was not closed at Minneapolis until the 16th of September, when the money was paid to Putnam and the contract between Putnam and plaintiff for the transfer of his wheat account signed and delivered, as were also the notes and mortgage. The court found that the defendants signed their names upon the back of the notes for a valuable consideration, and before delivery, for the purpose of giving credit thereto ; that plaintiff would not have parted with the consideration therein ex-

pressed without the names of the defendants thereon; that the notes were dated and made payable at Minneapolis and were there delivered to plaintiff; and that under the laws of Minnesota the defendants were makers of the notes and not indorsers. These findings are based upon practically undisputed evidence, and the law applicable to the facts is quite simple. It is evident that this was a Minnesota transaction. The negotiations were begun, conducted, and concluded there. The notes were dated and made payable at Minneapolis. The only act done outside of the state was the placing of the signatures of the defendants on the back of the notes. They were Minnesota contracts and governed by the laws of that state. *Newman v. Kershaw,* 10 Wis. 333; *Central T. Co. v. Burton,* 74 Wis. 329, 43 N. W. 141; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205; *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042. It has been the settled law of Minnesota since the case of *Pierse v. Irvine,* 1 Minn. 369, was decided that one who places his name on the back of a note before delivery for the purpose of giving credit thereto or of inducing the payee to accept the same is a maker and not an indorser, and is not entitled to demand and notice of nonpayment. *McComb v. Thompson,* 2 Minn. 139; *Peckham v. Gilman,* 7 Minn. 446; *Robinson v. Bartlett,* 11 Minn. 410. The notes, being Minnesota contracts, must be governed by the laws of that state, but no inference arises therefrom that a different result would follow were they Wisconsin contracts. The court therefore properly awarded judgment for plaintiff even though no notice of nonpayment was given defendants.

*By the Court.*—Judgment affirmed.