JEFFERIS and another, Respondents, vs. AUSTIN, imp., Appellant.

*November 13—December 11, 1923.*

*Bills and notes: Conflict of laws: Notes payable in foreign state: What law governs: Agreement between parties: Presumption.*

1. Where notes were expressed to have been made at Chicago and were made payable there, the presumption arises that they were intended to be Illinois contracts and subject, so far as concerns the liability of the makers and indorsers, to the law of Illinois rather than that of the domicile of one or more of them, or of the forum, other than Illinois, where relief might be sought.   p. 205.
2. The parties to a contract may expressly or impliedly agree that the law of a jurisdiction other than that of the domicile or the place of signing shall control.   p. 205.
3. A married woman having, at her husband's request, signed notes in this state payable in Illinois, the mere fact that she signed with the possible mental reservation of proving her freedom from liability by reason of the Wisconsin law as to coverture did not overcome the rule that by promising to pay in the foreign state she bound herself as to performance by the laws of that state.   p. 205.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.   *Affirmed.*

On August 11, 1922, judgment on warrants of attorney on three promissory notes each for $5,000 was entered against the defendants Kanawha Fuel Company, a corporation, A. S. Austin, and the appellant, *Lottie L. Austin,* for $14,517.52, principal and interest then due.

Subsequent proceedings were had on behalf of appellant so that such judgment was opened sufficiently to permit her to answer.   In substance her answer was as follows:

She admitted the signing of the notes set forth in the complaint.   Each of these notes was dated "Chicago, Illinois, January 31, 1921," and each contained the following: "For value received, I, we, or either of us, jointly and severally, promise to pay to the order of myself or ourselves

$5,000 at the banking house of A. W. Jefferis & Co., Monadnock Building, Chicago, Illinois," and each was duly indorsed by the said makers.

She alleged that the defendant A. S. Austin was her husband, a majority stockholder and president of the defendant Kanawha Fuel Company; that the latter was a Wisconsin corporation doing a coal business at Milwaukee, and that said notes were for its sole use and benefit; that she has no interest in said corporation except as owner of one share of stock; that she has a separate estate inherited from her father in 1884; that her domicile is and has been Wauwatosa, Wisconsin, where she signed said notes at her husband's request; "that the business of procuring the notes was transacted in Wisconsin;" that she received directly or indirectly no part of the proceeds of the loan evidenced by the said notes; that her separate estate was in no wise benefited or affected by such loan; that she asserted her common-law inability by reason of coverture to make a binding promise to pay money under such circumstances; that her obligation, if any, arose prior to the taking effect of the Woman's Rights Law, ch. 529, Laws of 1921; that plaintiffs are nonresidents, knowing the above stated facts, and are seeking a remedy in the courts of Wisconsin against a resident; and that there is a conflict in the laws of the two states regarding her liability as a married woman.

Upon such answer she prayed for a dismissal of the action as to her.

Plaintiffs demurred to such answer, and the demurrer being sustained she appealed.

*Chas. D. Mann* of Milwaukee, for the appellant.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb,* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

ESCHWEILER, J.   It is conceded that if the liability of the defendant *Mrs. Austin* is to be determined under the law of Wisconsin as it stood at the time of the making of

these notes her defense of coverture is good. If, however, the question is to be determined under the law of the state of Illinois, the holding of the trial court that she is liable must be sustained. 'Such being the conceded situation, no reference to the several statutes or decisions of the two states on those points is necessary.

The notes express to be made at Chicago and presumptively were delivered there.. They are made payable at Chicago. From these facts, and particularly the latter, the presumption arises that the parties to the transaction intended these notes to be Illinois contracts and subject, so far as questions might arise concerning the liability of the makers or indorsers thereof, to the law of Illinois rather than to the laws of the domicile of one or more of them or of the forum, other than Illinois, where relief might be · sought. That parties to a contract may expressly or impliedly agree that the law of a jurisdiction other than that of the domicile or the place of signing shall control is beyond question. *Brown v. Gates,* 120 Wis. 349, 352, 97 N. W. 221, 98 N. W. 205; *International H. Co. v. McAdam,* 142 Wis. 114, 118, 124 N. W. 1042.

The mere fact that she signed these notes in Wisconsin at her husband's request and with the possible mental reservation of nevertheless preserving her freedom from liability by reason of the Wisconsin law as to coverture is not sufficient to overcome the well established rule that by promising to pay in Illinois she binds herself as to performance by the law of that state; there being nothing in her so doing contrary to any rule of public policy on the grounds of good morals in the forum here. We consider her contention untenable and that the demurrer to her answer was properly sustained under such authorities as follows: *E. L. Welch Co. v. Gillett,* 146 Wis. 61, 130 N. W. 879.; *Hackley Nat. Bank v. Barry,* 139 Wis. 96, 100, 120 N. W. 275; *Milliken v. Pratt,* 125 Mass. 374; *Browns Valley State Bank v. Porter,* 232 Fed. 434.

*By the Court.*—Order affirmed.