FIRST WISCONSIN NATIONAL BANK OF MADISON, Plaintiff-Respondent, v. NICOLAOU, and another, Defendants-Appellants.†

Court of Appeals, District IV

*No. 77–595. Argued August 30, 1978.—Decided September 20, 1978.*
(Also reported in 270 N.W.2d 582.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellants the case was submitted on the brief of *Ronald R. Ragatz* and *DeWitt, McAndrews & Porter, S.C.*, of Madison, with oral argument by *John H. Lederer*.

For the respondent the case was submitted on the brief of *Ross & Stevens, S.C.*, oral argument by *Roy L. Prange, Jr.*

Before GARTZKE, P.J., BABLITCH, J., and CURRIE, Reserve Judge.

CURRIE, J.    The court deems the only issue required to be resolved on this appeal is whether the law of Wisconsin or that of California governed the repossession of the van which constituted the collateral under the consumer installment sale and security agreement (hereafter the contract).

The trial court in its memorandum decision on the motions for summary judgment stated:

"The repossession was accomplished in compliance with applicable California Statutes, CCA Section 2983.2–.3, Section 1802.1 and UCCA Section 9503.  Self-help repossession has been held permissible under the California Uniform Commercial Code in *Adams v. So. Cal. First National Bank,* 492 F.2d 324 (9th Cir. 1973)."

The trial court grounded its conclusion that the repossession was governed by California law upon sec. 421.201(5), Wis. Stats., which provides:

"Subchapters I and II of Ch. 425, relating to creditors' remedies, including applicable penalties, apply to actions or other proceedings brought in this state to enforce rights arising from consumer transactions or extortionate extensions of credit, wherever made, *but conduct, action or proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery unless the collateral is owned by a Wisconsin resident, who has removed it from this state only for purposes of transportation to or use in the resident's employment or for temporary periods which do not exceed fifteen days."* (Emphasis added.)

The italicized portion of section 421.205(5) was an amendment added by Chapter 407 Laws of 1975, sec. 7.

The defendants, however, contend that sec. 425.206, Wis. Stats., controls, and, in the alternative, if that statute is held inapplicable, then sec. 425.205(1), Wis. Stats., governs.

The applicability of sec. 425.206 will first be considered. That statute provides:

"(1) Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease *in this state* by means other than legal process in accordance with this subchapter except when:

"(a) The customer has surrendered the collateral or leased goods;

"(b) Judgment for the merchant has been entered in a proceeding for recovery of collateral or leased goods under s. 425.205, or for possession of the collateral or leased goods under s. 425.203(2) ; or

"(c) The merchant has taken possession of collateral or leased goods pursuant to s. 425.207(2).

"(2) In taking possession of collateral or leased goods, no merchant may a) commit a breach of the peace, or b) enter a dwelling used by the customer as a residence except at the voluntary request of a customer.

"(3) A violation of this section is subject to s. 425.305." (Emphasis added.)

Defendants maintain that the reason this statute controlled the repossession is because the parties by the provisions of paragraph (j) of the contract agreed that the enforcement of the agreement was to be "governed by the *internal* laws of Wisconsin" (emphasis added).[1]

---

[1] Under Wisconsin law, the parties to a contract may expressly agree that the law of a particular jurisdiction shall control their contractual relations. *Jefferies v. Kanawha Fuel Company*, 182 Wis. 203, 196 N.W. 238 (1923), citing *Brown v. Gates*, 120 Wis. 349, 97 N.W. 221 (1904), and *International H. Company v. Mc-Adam*, 142 Wis. 114, 124 N.W. 1042 (1910). The question of choice of law governing the validity and interpretation of contract

The crucial word of this provision, insofar as the issue under consideration is concerned, is "internal." The pertinent portion of the definition of "internal" in Webster's Third New International Dictionary states: "existing or situated within the limits or surface of something . . . . [as] opposed to *external*."

That portion of sec. 421.201 (5) which provides that "contract action, or proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery," insofar as it makes the law of a state other than Wisconsin applicable, provides for law that is to operate outside the state. Consequently, such law does not qualify as "internal law." Therefore, by the contract clause in question the parties did not agree to make that portion of sec. 421.201 (5) applicable to the instant recovery.[2]

Inasmuch as the court has concluded that the parties to the contract did not adopt the conflict of laws pro-

is, absent fraud, basically a question of the intention of the parties. *Estate of Knippel*, 7 Wis.2d 335, 96 N.W.2d 514 (1959), *Chemtec Midwest Services, Inc. v. Insurance Company of North America*, 279 F. Supp. 539 (D.C. Wis. 1968).

Furthermore, sub. (9) (b) of sec. 421.201, Wis. Stats., expressly recognizes the right of the parties to a consumer transaction to agree that the Wisconsin Consumer Act shall apply where the customer is a resident of the state at the time of the transaction. The Wisconsin Consumer Act comprises chapters 421 to 427, Wis. Stats.

The Wisconsin policy of allowing the intention of the parties to determine the law applicable to contractual relations is in accord with the generally accepted rule, Restatement (Second), Conflict of Laws §187 (1958).

[2] Even if paragraph (j) of the contract had merely provided, "The validity, construction and enforcement of this agreement are governed by the law of Wisconsin," the result would be the same. The general rule is that when the parties to a contract choose the law of a particular state, they choose only the internal law of that state, Restatement (Second), Conflict of Laws §187 (3) (1958).

vision of sec. 421.201(5), the next question that must be considered is whether sec. 425.206, Stats., required the bank to resort to legal process to repossess the van in California. The pertinent provision of that statute provides:

"Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease *in this state* by means other than legal process in accordance with this subchapter except . . ." (Emphasis added.)

The court construes the statutory words "in this state" as referring to where the attempted enforcement against the collateral is to take place, and not where the consumer lease was made. Because the plaintiff's repossession of the van took place in California and not Wisconsin, plaintiff contends sec. 426.206 has no application. If the qualifying words "in this state" had been omitted by the legislature in enacting this statute there would be little question but that the statute was part of the internal law of Wisconsin which the parties to the contract adopted by paragraph (j) thereof. However, the statute without the words "in this state" would have no broader effect than with such words included. This is because of the lack of power or jurisdiction of the state to prohibit the performance of acts beyond its borders.[3]

The proper construction of the choice of law provision governing the enforcement of the contract set forth in paragraph (j) of the contract is that it makes Wisconsin internal law, i.e., the law which would govern purely domestic Wisconsin cases, applicable to any act of enforcement of the contract wherever it may occur. There-

[3] *State ex rel. Fugina v. Pierce,* 191 Wis. 1, 5, 209 N.W. 693 (1926); *E. L. Husting Co. v. Coca-Cola Co.,* 194 Wis. 311, 317, 216 N.W. 833 (1927); *State v. Mueller,* 44 Wis.2d 387, 171 N.W.2d 414 (1969).

fore, the above quoted provision of sec. 425.206 was applicable and the plaintiff was required to resort to legal process in California to repossess the van. This is not because sec. 425.206 by its terms governs California repossessions, but because the parties to the contract chose Wisconsin internal law to govern all activities of the plaintiff to enforce the contract.

As a result of this conclusion it is unnecessary to consider the plaintiff's alternative contention that if sec. 425.206 were held inapplicable, then sec. 425.205(1) would govern.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this decision.