Peter A. PATRIN and Carol Patrin, his wife, Plaintiffs,

v.

CHRYSLER CREDIT CORPORATION, a Foreign Corporation, Defendant.

No. 79–C–447.

United States District Court, W. D. Wisconsin.

Jan. 26, 1982.

James E. Seiler, Centuria, Wis., for plaintiffs.

Steven J. Swanson, Balsam Lake, Wis., for defendant.

CRABB, District Judge.

This civil action was originally filed in Circuit Court, Polk County, Wisconsin. On September 27, 1979, defendant filed a motion to dismiss, pursuant to Wis.Stats. § 802.06(2), based upon the following grounds: (1) the court lacked subject matter jurisdiction; (2) the court lacked personal jurisdiction over the defendant; (3) the complaint failed to state a claim upon which relief could be granted; and (4) a necessary party to the action had not been joined. On the same day, defendant also filed a petition for removal and the case was removed to the United States District Court for the Western District of Wisconsin. Defendant asserts diversity of citizenship as the basis for this court's jurisdiction. 28 U.S.C. § 1332.

On March 14, 1980, defendant filed a motion to dismiss the action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

FACTS

For the purpose of ruling upon this motion to dismiss, the allegations set forth in the complaint must be taken as true.

Plaintiffs, residents of Wisconsin, purchased a Dodge Ramcharger on June 27, 1979, from Hopkins Dodge in Hopkins, Minnesota. Defendant, Chrysler Credit Corporation of Edina, Minnesota, extended credit for the purchase of this vehicle. On August 31, 1979, an employee of the defendant trespassed on the plaintiffs' residential property at Route 1, Star Prairie, Wisconsin and entered a building on the premises. On September 4, 1979, defendant repossessed the Ramcharger in Minnesota without the consent of the plaintiffs while plaintiff Peter Patrin was working on the roof of a barn in Robbinsdale, Minnesota. An employee of the defendant drove the vehicle from the site along with the tools and materials needed by the plaintiff to complete construction work on the roof. On September 4, 1979, an employee of the defendant was informed of the plaintiffs' claim that the act of repossession was in violation of the Wisconsin Consumer Act. On September 5, 1979, the plaintiffs received notice from the defendant that the vehicle was to be sold.

The complaint contains no allegations as to where the credit transaction took place.

## OPINION

Plaintiffs contend that, pursuant to Wis. Stats. § 421.201(5), the Wisconsin Consumer Act applied to the act of repossession described above. They assert the following five causes of action.

(1) Wis.Stats. § 425.206 provides, with limited exceptions, that nonjudicial recovery of collateral is prohibited in Wisconsin. Defendant's act of repossession violated § 425.206, thus voiding the transaction under § 425.305 and entitling plaintiffs to recovery of $1,700 in payments and to possession of the vehicle with no further obligation to pay on the contract.

(2) Defendant's intentional, unconscionable act of trespass entitles plaintiffs to $10,000 in punitive damages.

(3) The sale of the vehicle by defendant violated the Wisconsin Consumer Act and was in reckless disregard of the law, entitling plaintiffs to $10,000 in punitive damages.

(4) The acts of repossession and concomitant taking of plaintiff Peter Patrin's tools and materials caused him emotional distress, mental anguish, and a loss of wages in the amount of $6,000. Plaintiffs seek punitive damages in the amount of $10,000 for this conduct.

(5) Defendant's conduct on August 31, 1979, and September 4, 1979, caused plaintiff Carol Patrin emotional distress and mental anguish in the amount of $6,000. Plaintiffs seek punitive damages in the amount of $10,000 for this conduct.

The total amount of damages sought by plaintiffs is $52,700; plaintiffs seek attorney's fees as well.

This motion to dismiss presents two issues: whether removal to the United States District Court for the Western District of Wisconsin was proper and whether the Wisconsin Consumer Act is applicable to the act of repossession involved in this case.

### I. Removal

The removal of this action to the United States District Court for the Western District of Wisconsin was proper only if the state circuit court had jurisdiction of the subject matter and the parties to this action. *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). This jurisdictional prerequisite must be determined even in situations in which the federal district court would have jurisdiction if the suit were originally brought therein. *Id.*

The circuit courts of the State of Wisconsin are courts of general jurisdiction. As such, they have subject matter jurisdiction of this action brought under the Wisconsin Consumer Act. And, although it contested personal jurisdiction in the circuit court, defendant concedes now that jurisdiction exists over its person. Therefore, removal to the federal district court was proper in this case.

### II. Applicability of the Wisconsin Consumer Act

Defendant contends that the Act may not be applied extraterritorially to its act of

repossession in Minnesota and that Wisconsin has no jurisdiction to regulate the terms of this installment sales contract.

The Wisconsin Consumer Act is economic legislation intended to protect the state's citizens from "unfair, deceptive, false, misleading and unconscionable practices by merchants." Wis.Stats. § 421.102 (1979). The Act is set out in the statutes in seven chapters. Those relevant to this decision are chapters 421 (general provisions and definitions) and 425 (remedies and penalties).

Chapter 425 incorporates, in § 425.206, the legislative decision that self-help repossession of collateral is against state public policy as violative of procedural due process. The penalties for non-judicial repossession are severe. The consumer is entitled to free and clear title to the collateral *and* to recovery of all the money he or she has paid to the creditor. Wis.Stats. § 425.305. Not surprisingly, § 425.206 has been referred to as the "jackpot" provision of the Wisconsin Consumer Act.

The territorial application of the Act is set forth in Wis.Stats. § 421.201. As amended, subsection (5) of § 421.201 provides:

> (5) Subchapters I and II of ch. 425, relating to creditors' remedies, including applicable penalties, apply to actions or other proceedings brought in this state to enforce rights arising from consumer transactions or extortionate extensions of credit, wherever made, but conduct, action or proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery unless the collateral is owned by a Wisconsin resident, who has removed it from this state only for the purposes of transportation to or use in the resident's employment or for temporary periods which do not exceed 15 days.[1]

There is sparse legislative history on the amendment. The analysis by the Legislative Reference Bureau relating to subsection (5) provides a one-line explanation:

> Wisconsin's repossession laws apply where collateral is removed from the state by a Wisconsin resident for transportation, employment or temporary periods not exceeding 15 days, but do not apply otherwise.

Wisconsin Senate Bills, 1975 Senate Bill 528.

The wording of the statutory amendment suggests that the Wisconsin legislature intended to extend the territorial application of the Act in any situation in which a Wisconsin resident removes collateral from this state for temporary periods, regardless of whether the creditor is a resident of this state or whether the consumer credit transaction was entered into in this state. If this interpretation is correct, it would cover the defendant's act of repossession in Minnesota of plaintiffs' vehicle which had been removed allegedly from Wisconsin for use in plaintiff Peter Patrin's employment.

Support for such an interpretation of the broad coverage of subsection (5) of this remedial statute may be inferred from a review of other subsections of § 421.201. For example, subsection (9) provides that "*except as provided in sub. (4) or (5),*" chapters 421 to 427 do not apply to customers not residents of this state at the time of a consumer transaction. (Emphasis added). Subsection (7) provides:

> *Except as provided in sub. (4) or (5)*, a consumer transaction or modification thereof, made in another state with a customer who was not a resident of this state when the consumer transaction or modification was made, is valid and enforceable in this state according to its terms to the extent that it is valid and enforceable under the laws of the state applicable to the transaction. [Emphasis added.]

---

**1.** This subsection was amended by L.1975, ch. 421, § 254, effective June 29, 1976 and L.1975, ch. 407, § 7, effective June 24, 1976. The amendment added both the general rule that actions to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery and the exception to this rule.

Defendant contends, however, that the language of Wis.Stats. § 425.206(1) (the "jackpot" provision) restricts the application of Chapter 425 to merchant activity occurring within Wisconsin. He points to what he characterizes as the restrictive force of the phrase, "in this state," to wit:

> Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease *in this state* by means other than legal process...

Wis.Stats. § 425.206(1). Defendant cites the Wisconsin Court of Appeals decision in *First Wisconsin National Bank v. Nicolaou*, 85 Wis.2d 393, 270 N.W.2d 582 (1978) in support of his view of the restrictions on the Act's territorial application.

In *Nicolaou*, the defendant consumers had purchased a van in Madison, Wisconsin, from a Wisconsin auto dealer. Defendants executed a security agreement that provided that the agreement would be governed by the internal laws of Wisconsin. Plaintiff, a Wisconsin bank, was named in the consumer installment contract as the dealer's assignee. Defendants removed the van from Wisconsin without the written permission of plaintiff required under the contract and defaulted on the payments. Plaintiff repossessed the van in California without judicial process, sold it, and sued defendants for a deficiency judgment.

The court of appeals held that subsection (5) of § 421.201 did not make California law applicable to the plaintiff's act of repossession in California because the parties had agreed that the security agreement would be governed by the *internal law* of Wisconsin.

> That portion of sec. 421.201(5) which provides that "contract action, or proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery," insofar as it makes the law of a state other than Wisconsin applicable, provides for law that is to operate outside the state. Consequently, such law does not qualify as "internal law." Therefore, by the contract clause in question the

parties did not agree to make that portion of sec. 421.201(5) applicable to the instant recovery.

The court then took up the question of whether the phrase relied on by defendant, "in this state" in § 425.206, referred to the place where the consumer agreement was made or the place where the acts of repossession occurred. The court concluded that it referred to the place where the acts of repossession occurred, but it found, also, that this statute was part of the internal law of Wisconsin that the parties had adopted by contract. From this, the court reasoned that, because § 425.206 was part of the internal law of Wisconsin that the parties had chosen to govern enforcement of the contract, the prohibitions against non-judicial repossession applied to any act of enforcement of the contract, including the one in California at issue in the case.

The holding in *Nicolaou* is very narrow and depends exclusively on the contractual choice of law provision. Absent that provision, the plaintiff's act of repossession would have been governed by the law of California. For this reason, *Nicolaou* does not advance the analysis of the issue raised in this motion to dismiss: whether the limited extraterritorial extension contained in § 421.201(5) of the Wisconsin Consumer Act can be applied to prohibit non-judicial repossession by out-of-state creditors of collateral owned by Wisconsin residents.

I agree with defendant that "in this state" as used in § 425.206 does not refer to the place where the contract was made, but I disagree with his assertion that the phrase resolves the problem of determining the extraterritorial application of the jackpot provision. If subsection (1) of this provision is read as defendant suggests, as unconditionally restricting the ban on non-judicial repossession to only that merchant activity that occurs within the state, it would render meaningless the exception created in § 421.201 relating to collateral removed from Wisconsin temporarily or for use in employment. On the other hand, if the Act is read without any restrictions, to apply extraterritorially to out-of-state merchants

and creditors, serious due process could arise concerning Wisconsin's authority to regulate commercial transactions taking place outside its borders.

It seems clear, for example, that Wisconsin has no constitutional authority to apply its consumer act to a non-resident merchant or creditor having no contact with this state other than the fact that it consummated a transaction with a Wisconsin resident outside the state of Wisconsin and later repossessed the resident's collateral while it was outside the state for use in the resident's employment. *State Board of Insurance v. Todd Shipyards*, 370 U.S. 451, 82 S.Ct. 1380, 8 L.Ed.2d 620 (1962); *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 63 S.Ct. 602, 87 L.Ed. 777 (1943); *Allgeyer v. Louisiana*, 165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832 (1897). It is less clear whether this state can apply provisions of the Act to out-of-state merchants and creditors who enter into commercial transactions with Wisconsin residents outside of this state, but who are registered to do business in Wisconsin (as, for example, a local office of a nationwide corporation) and who do undertake substantial business activity in Wisconsin.

At the present time, I need not decide what level of merchant activity in Wisconsin must be shown to make an out-of-state merchant subject to the Act. In this case, plaintiffs have alleged only that as Wisconsin residents, they entered into a commercial transaction with a Minnesota corporation which later repossessed the collateral in Minnesota in a manner violative of the Wisconsin Consumer Act.

These allegations do not suffice to bring defendant within the coverage of the Wisconsin Consumer Act. In order to do that, plaintiffs would have to plead facts showing a nexus between defendant and the State of Wisconsin substantial enough to warrant the application to defendant of Wisconsin's police power. *Cf., Aldens, Inc. v. La Follette*, 552 F.2d 745 (7th Cir. 1977) *cert. den.*, 434 U.S. 880, 98 S.Ct. 236, 54 L.Ed.2d 161 (1977) in which the Court of Appeals for the Seventh Circuit sustained the application of the Wisconsin Consumer Act to an out-of-state corporation that engaged in a concerted, systematic exploitation of the Wisconsin market.

It is clear that a showing sufficient to sustain the exercise of personal jurisdiction over a defendant is not the equivalent of the showing necessary to make a defendant subject to the state's police powers. "[T]he connection between a state and the regulated person must be of a more substantial character than the 'minimum contacts' needed to support judicial process running against a person." *Aldens, Inc.*, 552 F.2d at 751, citing *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 652–653, 70 S.Ct. 927, 932, 94 L.Ed. 1154 (Douglas, J., concurring).

I conclude that defendant's motion to dismiss this case must be granted. Plaintiffs have failed to allege facts sufficient to establish that the provisions of the Wisconsin Consumer Act on which they base their causes of action could be applied constitutionally to defendant, and thus have failed to state a claim against defendant upon which relief may be granted.

### ORDER

IT IS ORDERED that defendant's motion to dismiss is GRANTED and this case is DISMISSED, without prejudice.