STATE FARM LIFE INSURANCE COMPANY,
Plaintiff-Respondent,

V.

PYARE SQUARE CORPORATION, Pyare Square Company,
Charles A. Cox, Myron B. Green, Morris Grossman
and Donald Braman, Defendants,

Jun W. LEE, Sandra M. Lee, Jun-Sing Lee and Florence
F.C.W. Lee d/b/a Lee Partnership, Defendants-Ap-
pellants.†

Court of Appeals

*No. 82–109. Submitted on briefs January 30, 1983.—
Decided February 23, 1983.*
(Also reported in 331 N.W.2d 656.)

For the defendants-appellants the cause was submitted
on the briefs of *Richard Z. Kabaker* and *Ralph M. Cagle*
and *Murphy, Stolper, Brewster & Desmond, S.C.* of Mad-
ison.

For the plaintiff-respondent the cause was submitted
on the brief of *Roy L. Prange, Jr.* and *Ross & Stevens,
S.C.,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Foley, J.

† Petition to review denied.

GARTZKE, P.J.    Jun W., Sandra, Jun-Sing and Florence Lee, doing business as Lee Partnership, appeal from a judgment foreclosing a mortgage on Wisconsin real estate. The issue is whether the trial court should have found that Minnesota law applies. Minnesota law permits "reinstatement" of the mortgage. Because we conclude that Minnesota law does not apply, we affirm the judgment.

The facts are undisputed. In 1968 Pyare Square Corporation executed a note for $1,800,000 to Eberhardt Company. The note was secured by a mortgage on real estate located in Madison. The mortgage was executed by Pyare Square Corporation and Pyare Square Company, a partnership. The note provides, "This note shall be governed by the laws of the State of Minnesota." The mortgage is silent as to the law applicable to it, but calls for repayment of the amount secured "according to the terms and conditions" of the note.

The note and mortgage were executed in Minnesota. Pyare Square Corporation is a Minnesota corporation, where it has its principal place of business. Pyare Square Company, a Minnesota partnership, has its principal place of business in Wisconsin. Its individual partners, who are named defendants, are Minnesota residents. Eberhardt Company is a Minnesota corporation. The location of its principal offices is not of record. State Farm is described in the complaint as a foreign corporation. Its principal place of business is in Illinois.

Before Eberhardt made the loan, State Farm committed itself to purchase the note. Eberhardt assigned the note and mortgage to State Farm in January 1970. State Farm brought this action in 1979. After the action was commenced, Lee Partnership obtained an option to purchase the real estate from Pyare Square Company. The Lees were permitted to intervene as defendants. Lee Partnership is a Wisconsin partnership.

The Lees moved for summary judgment declaring that the provisions of sec. 580.30 of the Minnesota Statutes apply in the foreclosure. That statute provides that at any time before the sale of property under foreclosure, the mortgagor may pay the amount in default and certain costs "and in that event, the mortgage shall be fully reinstated and further proceedings in such foreclosure shall be thereupon abandoned."[1] The trial court denied the motion, on grounds that Wisconsin law applies to a foreclosure action. The foreclosure judgment was entered and this appeal resulted.

The trial court relied on *Restatement (Second) Conflict of Laws* sec. 229 at 29–30 (1971), and comment *d* to that section in particular, which provide, respectively:

The method for the foreclosure of a mortgage on land and the interests in the land resulting from the foreclosure are determined by the local law of the situs.
Comment:

. . . .
(d) *Redemption of land from mortgage.* The courts of the situs would apply their own local law to deter-

---

[1] Minnesota Stats. sec. 580.30 provides in full:

In any proceedings for the foreclosure of a real estate mortgage, whether by action or by advertisement, if at any time before the sale of the premises under such foreclosure the mortgagor, the owner, or any holder of any subsequent encumbrance or lien, or any one for them, shall pay or cause to be paid to the holder of the mortgage so being foreclosed, or to the attorney foreclosing the same, or to the sheriff of the county, the amount actually due thereon and constituting the default actually existing in the conditions of the mortgage at the time of the commencement of the foreclosure proceedings, including insurance, delinquent taxes, if any, upon the premises, interest to date of payment, cost of publication and services of process or notices, attorney's fees not exceeding $150 or one-half of the attorney's fees authorized by section 582.01, whichever is greater, together with other lawful disbursements necessarily incurred in connection with the proceedings by the party foreclosing, then, and in that event, the mortgage shall be fully reinstated and further proceedings in such foreclosure shall be thereupon abandoned.

mine such questions as the power of the mortgagor to redeem the mortgaged land and the time during which this power may be asserted.

. . . .

Comment *d* to sec. 229 of the *Restatement* is inapplicable. Minnesota Stats. sec. 580.30 relates to reinstatement of the mortgage rather than to redemption. Redemption is the right of the mortgagor in a court foreclosure to pay the amount of the judgment and discharge the mortgage, as provided in sec. 846.13, Stats., or to pay the purchaser the amount bid for the land after its sale in a foreclosure by advertisement, as provided in sec. 846.61. Minnesota Stats. sec. 580.30 pertains to the right of the mortgagor to pay the amount actually in default to "reinstate" the mortgage without satisfying it. *Davis v. Davis,* 196 N.W.2d 473, 475 (Minn. 1972). Other provisions in Minn. Stats. ch. 580 pertain to redemption.

According to comment *e* to sec. 229 of the *Restatement:*

The courts of the situs would apply their own local law to determine questions involving the foreclosure which affect interests in the land. Issues which do not affect any interest in the land, although they do relate to the foreclosure, are determined, on the other hand, by the law which governs the debt for which the mortgage was given. Examples of such latter issues are the mortgagee's right to hold the mortgagor liable for any deficiency remaining after foreclosure or to bring suit upon the underlying debt without having first proceeded against the mortgaged land. The rules for ascertaining the state whose local law governs the underlying debt are stated in §§ 187–88. . . .

A real estate mortgage creates an interest in land. An action to foreclose the mortgage affects that interest in the land. If an action is filed in which the relief sought "might confirm or change interests" in real property, a

lis pendens containing the information required in sec. 840.10(1), Stats., must be filed in the office of the register of deeds of each county in which any part of the land is situated. Section 846.01, Stats., requires the filing of a lis pendens in a court foreclosure because a foreclosure action affects the security interest. The right granted by Minnesota law to reinstate a mortgage directly affects the mortgage and therefore affects an interest in land.

Wisconsin allows the parties to determine the law applicable to their contracts, in accordance with sec. 187, *Restatement (Second) Conflict of Laws. First Wis. Nat. Bank of Madison v. Nicolaou,* 85 Wis. 2d 393, 398 n. 1, 270 N.W.2d 582, 585 (Ct. App. 1978). *Restatement (Second) Conflict of Laws* sec. 187 at 561 provides in relevant part: "(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." We do not reach the labyrinthian issues raised by application of sec. 187 of the *Restatement.* Section 187 comes into play only for purposes of ascertaining the state whose local rules govern the underlying debt, not issues affecting interests in land. *Restatement* sec. 229 comment *e.*

Accordingly, the local law[2] of Wisconsin is applicable to determine whether a mortgagor has the right to reinstate a mortgage in a foreclosure action. That right is unknown under Wisconsin law. The trial court properly denied appellant's motion for summary judgment.

*By the Court.*—Judgment affirmed.

---

[2] Local law of a state as defined by the *Restatement (Second) Conflict of Laws* sec. 4 at 8 (1971) consists of "the body of standards, principles and rules, exclusive of its rules of Conflict of Laws, which the courts of that state apply in the decision of controversies brought before them."