WALSER LEASING, INC., a Delaware corporation,
Plaintiff-Appellant,

v.

Emil SIMONSON and Virginia Simonson,
Defendants-Respondents.

Court of Appeals

*No. 83–1570. Submitted on briefs April 24, 1984.—*
*Decided August 21, 1984.*
(Also reported in 355 N.W.2d 545.)

For the appellant the cause was submitted on the briefs of *Steven J. Swanson* and *Nelton & Swanson* of Balsam Lake, and *Steven J. Timmer* and *O'Conner & Hannan* of Minneapolis, Minnesota.

For the respondents the cause was submitted on the brief of *Chestora Lee* and *Disney & Lee* of Ellsworth.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Walser Leasing, Inc., appeals a judgment awarding damages to Emil and Virginia Simonson for Walser's[1] repossession, in violation of the Wisconsin Consumer Act, of two vehicles it had leased to the Simonsons.  The court awarded the Simonsons $15,962.-79, which represented the amount the Simonsons had already paid on the leases, the value of the vehicles at the time of repossession, and reasonable attorney fees. Walser contends that the lease agreements, choice of law rules, and due process bar application of the Wisconsin Consumer Act.  Walser also contends that the evidence does not support the trial court's valuation of the vehicles.  Because Walser had to comply with the provisions of the Wisconsin Consumer Act in repossessing vehicles in Wisconsin, and because the evidence sup-

---

[1] Walser Leasing, Inc., is the successor corporation to All-Car Lease Corporation, the original lessor of the vehicles.

ports the trial court's valuation of the vehicles, we affirm the judgment.

The Simonsons were Wisconsin residents when they leased two vehicles from Walser, which did business in Minnesota. When the Simonsons failed to make their monthly rental payments, Walser's agents went to the Simonsons' residence in Wisconsin and took possession of the vehicles. Walser did not have the Simonsons' consent to take the vehicles or a court order authorizing the taking. Walser took the vehicles back to Minnesota and eventually sold them.

■ Regardless of what repossession rights the lease gave Walser, when Walser came into Wisconsin to repossess its vehicles it was subject to the Wisconsin Consumer Act. *See* sec. 421.201(5), Stats.[2] The Act prohibited Walser's self-help repossession. *See* sec. 425.206(1), Stats.;[3] *see generally First Wisconsin National Bank v. Nicolaou*, 85 Wis. 2d 393, 270 N.W.2d 582 (Ct. App. 1978). Any contrary provision in the lease was invalid. *See* sec. 421.201(10)(a), Stats.[4] What the parties in-

---

[2] Section 421.201(5), Stats., provides in part:

Subchapters I and II of ch. 425, relating to creditors' remedies, including applicable penalties, apply to actions or other proceedings brought in this state to enforce rights arising from consumer transactions . . . wherever made, but conduct, action or proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of its recovery . . . .

[3] Section 425.206(1), Stats., provides in part:

Nonjudicial enforcement limited. (1) Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease in this state by means other than legal process . . . .

[4] Section 421.201(10)(a), Stats., provides in part:

[T]he following terms of a writing executed by a customer are invalid with respect to consumer transactions, or modifications thereof, to which chs. 425 to 427 apply:

(a) That the law of another state shall apply; . . . .

tended in the lease is therefore irrelevant. If the parties' intent is irrelevant, so are the choice of law rules that determine the parties' intent. *See Estate of Knippel,* 7 Wis. 2d 335, 342, 96 N.W.2d 514, 517 (1959).

We see no merit in Walser's claim that it was denied due process.[5] The Wisconsin Consumer Act is an exercise of the state's police power, sec. 421.102(2)(b), Stats.,[6] which can constitutionally be applied to Walser's repossession in Wisconsin. When Walser sent its agents into Wisconsin, they were subject to the prohibition against self-help repossession contained in the Wisconsin Consumer Act just as they were subject to Wisconsin's traffic laws as they made their way to and from the Simonson residence. The due process problems in *Patrin v. Chrysler Credit Corp.,* 530 F. Supp. 736 (W.D. Wis. 1982), where the repossession took place in Minnesota, are not present here.

The trial court's damage award is adequately supported by the record. We accept trial court findings unless they are clearly erroneous. Section 805.17(2), Stats. Section 425.305, Stats.,[7] is the remedy for unlawful re-

---

[5] Walser was the plaintiff, having filed suit for a deficiency. Thus it may not claim that the trial court lacked personal jurisdiction.

[6] Section 421.102(2)(b), Stats., provides:

(2) The underlying purposes and policies of chs. 421 to 427 are:

. . . .

(b) To protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants;

[7] Section 425.305, Stats., provides:

Transactions which are void. (1) In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.

(2) In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

possession of leased goods. In addition to allowing the customer to recover what has already been paid in the transaction, it also entitles the customer to keep the goods received in the transaction. The Simonsons cannot keep goods that Walser has sold. The trial court therefore properly concluded that the Simonsons were entitled to the value of the vehicles at the time of repossession. Although the evidence would support other findings of value, the trial court's finding is not clearly erroneous. It is the amount that Walser listed as the depreciated value of the vehicles in its post-repossession letter to the Simonsons.

*By the Court.*—Judgment affirmed.