QUINNELL'S SEPTIC & WELL SERVICE, INC.,
Plaintiff-Respondent,

v.

David DEHMLOW, and Vicki Dehmlow, Defendants-
Appellants.

Court of Appeals

*No. 88–1862. Submitted on briefs July 14, 1989.—Decided
September 14, 1989.*

(Also reported in 448 N.W.2d 16.)

For the defendant-appellant the cause was submitted on the briefs of *Legal Services of Northeastern Wisconsin, Inc.,* by *Thomas W. Scott,* of Oshkosh.

For the plaintiff-respondent the cause was submitted on the briefs of *Thomas J. McNally,* of Necedah.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.    David and Vicki Dehmlow appeal from a judgment awarding Quinnell's Septic & Well Service, Inc., $1,495 in damages for services rendered in modifying a septic system on the Dehmlows' property. The issue is whether, because Quinnell made the alterations to the septic system after being directed to do so by a state agency, any benefit to the Dehmlows was "incidental" to Quinnell's performance of its own duty, thus barring any recovery on Quinnell's part under the rule of the

Restatement of Restitution, sec. 106 (1937). We conclude that, on the facts of this case, the Restatement rule does not bar recovery and we affirm the judgment.

In 1977, Quinnell installed a conventional septic system on the Dehmlows' property, after performing the required soil tests and determining groundwater levels in the area. The Dehmlows' home was destroyed by fire in 1983. At that time an inspector from the county planning and zoning department concluded that, due to errors in Quinnell's original determination of groundwater levels, the Dehmlows' septic system violated Wis. Adm. Code, sec. ILHR 83.10(2) because it was located within three feet of the groundwater.

In March, 1984, Dennis Quinnell, president of the Quinnell Corporation, contacted the Dehmlows, offering to install monitoring wells at no charge to them in order to determine how to correct the deficiencies in the septic system. The Dehmlows agreed. Sometime thereafter, the Department of Industry, Labor and Human Relations (DILHR), the state agency exercising licensing and regulatory authority over installers of septic systems, directed Quinnell to bring the Dehmlows' septic system up to code. Quinnell replied that monitoring wells had been installed and that "[o]ur intentions are to . . . install a code complying system upon the final results of the test wells."

In August, Quinnell informed the Dehmlows that they needed a "lift system" to bring their septic system up to code and quoted a price of $1,495. He also told them that there would be no charge for the "drainfield portion" of the system which, had he determined the proper groundwater levels in 1977, would not have been necessary. The $1,495 covered only the lift system—a component which would have been required had the proper levels been determined at the outset.

In October, DILHR again directed Quinnell to correct the Dehmlows' septic system. Several weeks later, Mrs. Dehmlow wrote to Quinnell rejecting his offer to do the work for $1,495 and refusing to apply for the necessary permits which would allow Quinnell to install the new system. In December, DILHR obtained a court order requiring Quinnell to install a code compliant system on the Dehmlows' property within thirty days. Quinnell performed the required work, and, when the Dehmlows refused to pay, he sued them for the cost of the lift system—$1,495.

The trial court, rejecting the Dehmlows' "incidental benefit" argument, ruled that they had been unjustly enriched because they had the benefit of an installed, code compliant septic system. These are questions of law which we review *de novo. Gloudeman v. City of St. Francis,* 143 Wis. 2d 780, 784, 422 N.W.2d 864, 866 (Ct. App. 1988). However, we accept the trial court's factual findings unless they are clearly erroneous. *Walser Leasing, Inc. v. Simonson,* 120 Wis. 2d 458, 461, 355 N.W.2d 545, 546 (Ct. App. 1984).

In order to prove a claim of unjust enrichment, the plaintiff must establish that: (1) he or she conferred a benefit on the defendant; (2) the defendant appreciated or knew of the benefit; and (3) the defendant accepted or retained the benefit under circumstances making its retention inequitable. *Watts v. Watts,* 137 Wis. 2d 506, 531, 405 N.W.2d 303, 313 (1987). Apparently conceding the first two elements, the Dehmlows limit their argument to the third—whether considerations of equity require payment of Quinnell's bill.

The Dehmlows argue that they should not have to pay for the new septic system because whatever benefit

316

they received from Quinnell's installation of the lift system was only "incidental" to Quinnell's required compliance with the DILHR order. They rely on Restatement of Restitution, sec. 106 (1937), which provides that:

> A person who, incidentally to the performance of his [or her] own duty or to the protection or the improvement of his [or her] own things, has conferred a benefit upon another, is not thereby entitled to contribution.

The accompanying comment explains that there is "no principle which is generally applicable by which restitution is granted to one who had been *coerced* by the existence of a duty or a danger to his [or her] own interests into doing an act which is beneficial to another." (Emphasis added.)

The Dehmlows assert that Quinnell "was motivated entirely by self interest" in modifying their septic system and that any benefit they may have received was incidentally conferred while Quinnell "pursued its primary objectives of fulfilling its duty to the State and protecting its license." (Footnote omitted.) We reject their characterization of the facts.

The trial court stated as follows in ruling that the installation of the modified system was not an incidental benefit:

> Motivation was for Mr. Quinnell to complete the work upon the discovery of a defective system. Mr. Quinnell would have done it anyway even if it were discovered only by the owners, [rather than the state] at least according to the uncontradicted testimony and proof that he did so inasmuch he did not attempt to charge them for the work that was done under the warranty.

The record supports this determination.

Quinnell and the Dehmlows were negotiating the installation of a modified system at least two months before DILHR ordered the corrections. Indeed, four days before he received the first letter from DILHR, Quinnell wrote the Dehmlows offering to install monitoring wells free of charge. Quinnell testified that he warranted his work. If he installed a septic system improperly, he would make the corrections according to "what the codes are" at his own cost.[1] Quinnell wrote DILHR twice to inform the department of what steps he was taking to correct the Dehmlows' septic system.

This evidence supports the conclusion that Quinnell was not "coerced" into installing a new system, but that he voluntarily took steps to correct Dehmlows' septic system once the true groundwater levels were discovered. The action taken by the state to enforce ch. ILHR 83 was independent of action that Quinnell had already undertaken to honor his warranty to the Dehmlows. [2] We are satisfied that the benefit conferred upon the Dehmlows by Quinnell's installation of the lift system

---

[1]As we have noted, the Dehmlows were charged only for the "lift system," which was not covered by the 1977 contract. Had the true groundwater levels been ascertained in 1977, a lift system would have been necessary and the Dehmlows would have been required to pay for it at that time.

[2]In this regard we note that, unlike the Restatement's illustrations of application of the rule, Quinnell and the Dehmlows were not strangers to the transaction—they had a prior contractual relationship which covered the installation of the first septic system. Thus Quinnell was not simply doing the work to save his own property, wholly independent of any contractual or other relationship, as in the Restatement illustrations, and then asking the Dehmlows to share the costs because of an incidental benefit to them. See Restatement of Restitution, sec. 106 comment a, illustrations 1 and 2 (1937).

was not "incidental" to his obligation to the state within the meaning of the Restatement rule, and that the trial court correctly ruled that it would not be fair for the Dehmlows to enjoy the benefit of a new septic system without compensating Quinnell for his additional costs in providing it to them.

*By the Court.*—Judgment affirmed.